**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATPAL SINGH, | No. 08-74119 |
| Petitioner, | Agency No. A088-558-065 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011 [**]

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Satpal Singh, a native and citizen of India, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA "conducted its own review of the evidence and law rather than simply adopting the immigration judge's decision . . . our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks and citations omitted). Reviewing the BIA's decision to deny asylum, withholding of removal, and CAT relief for substantial evidence, *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006), we deny Singh's petition in its entirety.

The BIA held that Singh did not experience past persecution in India because he had failed to establish a nexus between the harm he allegedly suffered and a protected ground under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(42)(A). This finding is supported by substantial evidence, because Singh did not convincingly show that the police detained him on account of religion or imputed political opinions, *see Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir. 1997), or that the Naxalites' treatment of him rose to the level of persecution, as defined in the INA, *see Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995). Additionally, the BIA's determination that Singh did not establish a well-founded fear of future persecution is supported by substantial evidence, because he failed to "adduc[e] credible, direct, and specific evidence in the record of facts that

2

would support a reasonable fear of persecution." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (internal quotation marks and citations omitted).

Because Singh failed to establish eligibility for asylum, "it follows that [he] cannot meet the more stringent standard of withholding of" removal. *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995). Similarly, substantial evidence supports the agency's denial of relief under CAT, because Singh has not presented evidence that shows he will more likely than not be tortured if removed to India. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**